UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CV-83-F

| | |
|---|---|
| MICHAEL McKOY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NATHANIEL WADDELL ) | |
| (individually), OREDA WADDELL ) | |
| (individually), NORTH METRO ) | |
| PROPERTIES, and COREY HEINS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on numerous motions filed by the pro se Plaintiff, and a motion to dismiss filed by Defendants North Metro Properties("North Metro") and Corey Heins ("Heins"). All motions are ripe for disposition.

## I. STATEMENT OF THE CASE

Plaintiff initiated this action by filing the Complaint [DE-1] in the United States District Court for the District of South Carolina on May 25, 2007, alleging claims for intentional infliction of emotional distress, false pretense, and negligence. In an order filed on March 19, 2008 [DE-99], the Honorable Henry M. Herlong, Jr., United States District Judge, ordered that this action be transferred to this judicial district. Since the transfer of the action, Plaintiff has filed the following the motions which are now ripe for ruling: (1) a fifth Motion for Appointment of Counsel [DE-116]; (2) Petition to Determine Parentage [DE- 119]; (3) Summary Judgment in Opposition [DE-121]; (4) a sixth Motion for Appointment of Counsel [DE-128]; (5) a request to "relinquish" North Metro Properties and Corey Heins as defendants [DE-129]; (6) Motion for Default Judgment [DE-137]; (7) Petition for Injunctive Relief [DE-138], and (8) a Motion for

Trial [DE-141]. Defendants North and Heins have filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [DE-109].

## II. STATEMENT OF THE FACTS

The Complaint alleges, in pertinent part, the following:

Lloyd Edward McKoy ("Decedent"), who Plaintiffs alleges was his father, died in January 2002 without leaving a will. Compl. [DE-1] at p. 2.[1] Plaintiff also alleges that Decedent was never married, and had five biological children. *Id.* at pp. 2-3. Plaintiff contends that Decedent intended for each of his children to have an equal share of his estate, although Plaintiff admits Decedent did not leave a will, or any other writing, to that effect. *Id.* at p. 2.

Plaintiff also alleges that shortly after Decedent's death, Henry McKoy, Sr., Decedent's brother, gave the deeds to property owned by Decedent to Nathaniel Waddell, Plaintiff's half-brother. *Id.* at p. 2. According to Plaintiff, Nathaniel Waddell became administrator of the estate. *Id.* at p. 2. Plaintiff attaches the "Application for Letters of Administration" filed by Nathaniel Waddell, wherein he lists himself as the only child of Lloyd Edward McKoy. Compl. [DE-1], Ex. B. Plaintiff also attaches the Family History Affidavit signed by Defendant Oreda Waddell, wherein she stated that Lloyd Edward McKoy never married and died without a will, "leaving as his heirs at law his brothers and sisters, namely: Mary E. Andrews, Carrie McKoy Wilder Batts, Louise Pigford, Robert McKoy and Henry L. McKoy." Compl. [DE-1], Ex. A.

Decedent's estate was probated intestate in New Hanover County, North Carolina. Compl. [DE-1], Ex. C. Plaintiff alleges that certain real property owned by Decedent was sold to North Metro Properties, which then sold it to Heins, and that Plaintiff was not made aware of the

---

[1] Citations to the Complaint refer to the handwritten page numbers on the Complaint.

sale or given a share of the proceeds. Compl. [DE-1] at p. 3. Plaintiff also alleges that all the named Defendants conspired against him, and developed a scheme to keep him from partaking in a share of Decedent's estate. Compl. [DE-1] at pp. 6-7.

## III. MOTION TO APPOINT COUNSEL

Plaintiff again moves for appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person [claiming *in forma pauperis* status] unable to afford counsel." In considering whether to request that an attorney represent a plaintiff, the court must be cognizant that appointment of counsel in civil actions "should be allowed only in exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). When ruling on a motion for appointment counsel, the court must consider a variety of factors, including: (1) the complexity of the factual and legal claims; (2) whether the litigant has a colorable claim; (3) whether the appointment of counsel would provide a more just and expeditious result, and (4) the nature of the litigant's efforts to retain counsel. *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F.Sup. 168, 172 N. 16 (E.D.Va. 1994)(citing *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *Gordon v. Leeke*, 574 F.2d 1147, 1178 (4th Cir. 1978); *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

For the reasons discussed below, Plaintiff does not allege any colorable claims. Consequently, his motions for appointment of counsel [DE-116 & DE-128] are DENIED.

## III. MOTION TO DISMISS

Defendants North Metro and Heins move to dismiss the claims against them on the grounds that the Complaint fails to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A. Standard of Review**

3

When reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must be cognizant that all the Rules require of a complaint is that it contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))[2] *accord Erickson v. Pardus*, 551 U.S.___, 127 S.Ct. 2197, 2200 (2007) (per curiam). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at ___, 127 S. Ct. at 1965 (citations omitted). Hence, although "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is impossible, and 'that a recovery is very remote and unlikely,' " *id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), the "threshold requirement" of Federal Rule of Civil Procedure 8(a)(2) is "that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,' " *id.* at 1966 (quoting FED. R. CIV. P. 8(a)(2)).

When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Erickson*, 127 S. Ct. at 2200 (citing *Twombly*, 550 U.S.

---

[2] The Supreme Court overruled *Conley* insofar as it applied a "no set of facts" standard to the analysis of a Rule 12(b)(6) motion to dismiss. The Court explained that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." *Twombly*, 550 U.S. at ___, 127 S. Ct. at 1969.

4

at ___, 127 S. Ct. at 1965). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at ___, 127 S. Ct. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (observing that the court need not accept as true legal conclusions couched as factual allegations).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

*Migdal v. Rose-Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) (citations and internal quotations omitted). Although "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely," *Scheuer*, 416 U.S. at 236, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

**B. Plaintiff's claims for false pretenses and negligence**

Plaintiff asserts claims for "false pretenses" and negligence against all the named Defendants in this action. At bottom, Plaintiff's claims are based upon his assertion that he was entitled to a share of Decedent's estate. *See* Compl. [DE-1] at p. 2 ("Loyde [sic] Mckoy made it clear, first of all to each one of his siblings, and to his brother, Henry McKoy Sr. that he wanted his children to divide all monies, and to make sure we have [an] equal share of the estate.");

5

Compl. at p. 2 ("During the course of all legal matters, I was intentionally left out of the process for whatever reasons."); Compl. at p. 6 (alleging that Defendants conspired "to deny me my equal share of inheritance as rightful heir"); Compl. at p. 7 (alleging "the defendants did knowing and/or unknowingly act in concert to deprive the Plaintiff of properties and monies that I shared interest[sic] lawfully belonging to Plaintiff through the afore-mentioned various causes of action stated herein"). Plaintiffs own pleadings, however, establish that he is legally not entitled to a share of Decedent's estate.

Plaintiff's pleadings establish that he is an illegitimate child, and that Decedent died without a will. Compl.[DE-1] at pp. 2-3 (stating that his father "died without establishing a will" and that his father "was never married"). In North Carolina, if a decedent dies without a will, his estate is probated according to the North Carolina Intestate Succession Act. N.C. Gen. Stat. § 29-1 et al. Under the Act, an illegitimate child may inherit through intestacy from his father only if the requirements of N.C. Gen. Stat. § 29-19(b)(1) or (2) are met. *See Hayes v. Dixon*, 83 N.C. App. 52, 54, 348 S.E.2d 609, 610 (1986)("Absent [N.C. Gen. Stat. § 29-19], an illegitimate child has no right to inherit from his or her putative father."). Section 29-19 provides, in pertinent part:

> For purposes of intestate succession, an illegitimate child shall be entitled to take by, through and from:
> (1) Any person who has been finally adjudged to be the father of such child [under state law providing for civil actions to determine custody and support of illegitimate children] . . . ;
> (2) Any person who has acknowledged himself during his own lifetime and the child's lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer . . . and filed during his own lifetime and the child's lifetime in the office of the clerk of the superior court of the county where either he or the child resides.

6

N.C. Gen. Stat. § 29-19(b). Consequently, in order to inherit from Decedent, Plaintiff would have to show compliance with Section 29-19. *See Phillips v. Ledford*, 162 N.C. App. 150, 153-54, 590 S.E.2d 280 282-83 (2004)(dismissing a plaintiff's complaint seeking a declaratory judgment that she was the sole heir of her father where plaintiff alleged that decedent acknowledged to general public he was her father and submitted to genetic paternity testing that confirmed he was her father, but did not allege that decedent was adjudged to be her father or that decedent acknowledged himself to be her father in a written instrument which was duly executed and filed in accordance with Section 29-19).

Plaintiff, however, fails to allege Decedent was ever adjudged to be his father through a civil action as specified in Section 29-19(b)(1), or that Decedent ever acknowledged himself to be his father in a written instrument as specified by Section 29-19(b)(2).[3] Consequently, Plaintiff has failed to allege facts which would establish that he was entitled to inherit from Decedent. Plaintiff's failure to allege facts which would show that he was entitled to inherit from Decedent, in turn, means that his claims for "false pretenses" and "negligence"–which are premised upon the theory that he has been deprived of inheriting from Decedent's estate–must be dismissed pursuant to Rule 12(b)(6). *See Migdal*, 248 F.3d at 326 (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001)(" 'The presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint'

---

[3] Plaintiff asserts that if the court allows his request for DNA testing, it will show that he is entitled to inherit from Decedent. As the North Carolina Court of Appeals made clear in *Phillips*, however, a genetic paternity test does not satisfy the requirements of Section 29-19. 162 N.C. App. at 154 ("Although the North Carolina Supreme Court has recognized DNA profile testing to be generally admissible evidence as a reliable technique within the scientific community, *see State v. Pennington*, 327 N.C. 89, 101, 393 S.E.2d 847, 854 (1990), a positive DNA test is not enumerated in the statute as a method of meeting the requirements to legitimate a child.").

cannot support a legal conclusion."). Consequently, Plaintiff's claims for "false pretenses" and negligence are DISMISSED as to Defendants Corey Heins and North Metro.

## IV. MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment as to his claims against all Defendants. As discussed above, Plaintiff's claims against Defendants Heins and North Metro are dismissed. The court concludes that his claims for "false pretenses" and negligence against Defendants Nathaniel and Oreda Waddell must be DISMISSED for the same reasons. The court will therefore turn to Plaintiff's remaining claim for intentional infliction of emotional distress against Nathaniel and Oreda Waddell.

### B. Standard of Review

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322-23.

## B. Intentional Infliction of Emotional Distress

To recover under the tort of intentional infliction of emotional distress a plaintiff must allege and prove the defendant engaged in "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another." *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981). "Liability arises under this tort when a defendant's 'conduct exceeds all bounds usually tolerated by decent society and the conduct 'causes mental distress of a very serious kind.' " *Id.* at 447, 276 S.E.2d at 331 (internal citations omittied). Whether a plaintiff alleges conduct which can be considered extreme and outrageous is a matter of law. *Guthrie v. Conroy*, 152 N.C. App. 15, 21, 567 S.E2d 403, 408 (2002).

Plaintiff alleges that Defendants Nathaniel and Oreda Waddell inflicted emotional distress upon him, "constituting the tort of outrage[4]," by (1) denying him as a sibling; (2) selling the Decedent's estate without notifying him, and (3) intentionally leaving all his name out of all legal documents concerning the Decedent's estate. Compl. [DE-1] at p. 6. The Waddells' alleged actions, while no doubt insulting and offensive to Plaintiff, do not constitute conduct which is so egregious as to go " 'beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Guthrie*, 152 N.C. App. at 22, 567 S.E2.d at 409 (quoting *Briggs v. Rosenthal*, 73 N.C. App. 672, 677, 327 S.E.2d 308, 311 (1985)). *Cf. Poston v. Poston*, 112 N.C. App. 849, 851, 436 S.E.2d 854, 856 (1993)(concluding that an ex-husband's allegation of adultery against his wife was not extreme and outrageous conduct). Consequently, not only is Plaintiff not entitled to summary judgment on this claim against

---

[4] North Carolina does not recognize the tort of outrage. *Burgess v. Busby*, 142 N.C. App. 393, 402-03, 544 S.E.2d 4, 8-9 (2001)(citing *Beasley v. National Savings Life Ins. Co.*, 75 N.C. App. 104, 330 S.E.2d 207(1985)("We agree that the tort of outrage has not been recognized in North Carolina.").

Defendants Nathaniel and Oreda Waddell, but the claim must be dismissed for failure to allege facts supporting an essential element. *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2720 FPP 2720 (3d ed. 1998)("The weight of authority . . . is that summary judgment may be rendered in favor of the opposing party even though the opponent has made no form cross-motion under Rule 56.").

## V. CONCLUSION

For the foregoing reasons, the Motion to Dismiss [DE-109] filed by Defendants Corey Heins and North Metro Properties is ALLOWED, and the claims against those defendants are DISMISSED. Plaintiff's Motion for Summary Judgment [DE-121] is DENIED, and his claims against Defendants Nathaniel and Oreda Waddell are DISMISSED. Plaintiff's Motion to Appoint Counsel [DE-116 & 128] are DENIED. All other pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.    This the 24th day of April, 2009.

_____
James C. Fox
Senior United States District Judge